UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

    IRA D. CONKLIN & SONS, INC.,　　　　　　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 06-35537(CGM)
                             Debtor.　　　　　　　　　　(Chapter 11)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIDAVIT OF JAMES LUDLOW IN OPPOSITION TO THE MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 1112(b) (4)(C) and (E) CONVERTING OR DISMISSING CHAPTER 11 CASE

TO:   THE HONORABLE CECLIA G. MORRIS
       UNITED STATES BANKRUPTCY JUDGE

JAMES LUDLOW, being duly sworn, deposes and states as follows:

1. I am the owner of the Debtor and as such am fully familiar with the facts and circumstances surrounding this action and make this affidavit in opposition to the motion of the United States Trustee seeking an Order converting this case to Chapter 7 or dismissing it.

2. The issue which has caused the Trustee to move for this relief is in connection with insurance coverage for the Debtor. I am aware that proof of insurance was filed with the Court about an hour and a half after 4PM. The short delay was not as the result of any lack of effort on the part of the debtor, or its agent John Abrams, nor was there any intent to disregard an Order of this Court. I understand that there was in fact coverage as of 4PM but it took a short time after that for Mr. Abrams to secure proof of same and have it reduced to writing.

3. As is set forth at length in the affidavit of John Abrams, the Debtor had

coverage for all insurance required by the Court on July 14, 2006 with the exception of Excess Liability Coverage.

4. Of all the contracts that the Debtor has there was only one (1) contract which required that the Debtor carry excess coverage. That contract was with Sunoco. When the petitioning creditors filed the Involuntary Chapter 11 Sunoco almost immediately utilized a clause in the contract to stop doing business with the Debtor. Once the contract with Sunoco was terminated there were no other contracts which required excess coverage.

5. Respectfully, it would make no sense for the debtor to expend funds to procure excess liability insurance when it is not required by any of the contracts in existence with the Debtor and its customers. If Sunoco were to resume doing business with the Debtor or a new customer required excess coverage same would be procured.

6. In procuring new insurance by July 14, 2006 it was decided that there could be a substantial financial savings if Conklin Services were utilized. Conklin Services is the owner/parent company of the Debtor. Via its status as the parent company I was able to utilize Conklin Services to insure the assets and operations of the Debtor at, as aforesaid, a very substantial financial savings.

7. On the 14th of July each vehicle that the Debtor utilized in the operations of its business was insured. The registration/VIN number of each individual vehicle was part of the insurance coverage. The fact that the original ACORD was in the name of Conklin Services and not the debtor did not mean that there was no coverage for the vehicles as there was.

8. In fact, since July 14th, 2006 I have even changed the insurance on the vehicles to a more comprehensive coverage which goes beyond the coverage required by the original Court Order.

9. The Workers Compensation, General Liability and Professional Environmental coverage was also in the name of Conklin Services for the above stated reasons. Once

again, Conklin being the parent company was able to insure those obligations of the Debtor. I must point out that the Trustee had, through counsel, required that the assets and operations of the Debtor be insured which is what I did.

10. However, the Trustee as is set forth in his motion, requires the added security that the Debtor be specifically named and therefore the Debtor has been named as an additional insured.

11. Therefore, both as of July 14, 2006 and as of this date, there has been coverage for the assets and operations of the Debtor.

                                                                     JAMES LUDLOW

SWORN TO BEFORE ME THIS
24TH DAY OF JULY 2006

_____
NOTARY PUBLIC

SONIA ABRAMS
Notary Public, State of New York
No. 01AB6140890
Qualified in Orange County
Commission Expires Feb. 13, 2010