```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   PRETRIAL CONFERENCE &
In re:                                                          :   MOTION RETURN DATE:
                                                                    9/1/2009 @ 10:00 a.m.

IRA D. CONKLIN INC.,                                            :   Case No. 06-35537 (CGM)

                                    Debtor.    :
----------------------------------------------------------------x
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                          :

JAMES A LUDLOW,                                                 :   Case No. 07-36328 (CGM)

                                    Debtor.    :
----------------------------------------------------------------x
JOSEPH SAVINO, MICHELE SAVINO, AND                              :
SOUTH SALEM DELI, LLC,

Plaintiffs.                                                     :   Chapter 7
                                                                    Adv. Proc. 07-9067
            - against -                                         :
                                                                :
JAMES A LUDLOW,                                                 :

                                    Defendant.  :
----------------------------------------------------------------x
```

## STIPULATION AND ORDER RESOLVING
## VARIOUS DISPUTES BETWEEN AND AMONG
## TRUSTEE OF IRA D. CONKLIN, INC., TRUSTEE OF JAMES LUDLOW,
## SAVINO INTERESTS AND JAMES LUDLOW RESOLVING
## VARIOUS CASE CONTROVERSIES AND ADVERSARY PROCEEDING

### R E C I T A L S :

A. On June 5, 2006, the case In re Ira D. Conklin & Sons, Inc., Case No. 06-35537 (the "Conklin Case") was commenced by virtue of the filing of an involuntary Chapter 11 proceeding against the Ira D. Conklin, Inc. ("Conklin") (the "Conklin Proceeding").

1

B. Thereafter the Conklin Proceeding was referred to your Honor for administration under the Code.

C. Upon filing of the involuntary petition, the instant proceedings were referred to your Honor for administration under the Code.

D. An order for relief was thereafter entered by this Court in the Conklin Proceeding on July 13, 2006.

E. On or about July __, 2006, the Office of the U.S. Trustee filed a Motion in the Conklin Proceeding, brought on by Order Scheduling Hearing dated July __, 2006 and initially scheduled to be heard July 25, 2006, for the conversion of the case from Chapter 11 to Chapter 7 or in the alternative its dismissal (the "U.S. Trustee Conversion Motion").

F. On August 30, 2006 this Court entered an order converting the Conklin Chapter 11 case to a case under Chapter 7. Immediately thereafter, the Office of the U.S. Trustee appointed Thomas Genova, Esq. as Trustee (the "Conklin Trustee").

G. On or about April __, 2007 the Conklin Trustee examined Joseph Savino pursuant to Fed.R. Bankr.P. Rule 2004 under oath (the "Rule 2004 Examination") regarding various pre-petition transactions between and among himself, his wife Michele Savino, South Salem Deli, LLC and other entities (the "Savino Parties").

H. After the Rule 2004 Examination, counsel for the Savino Parties and the Conklin Trustee commenced negotiations concerning their liability or lack of liability for various transfers made or suffered by the Debtor during the two-year period prior to the date of the involuntary Chapter 11 filing.

I. Further negotiations were had concerning purported derivative liability of Joseph and Michele Savino to the Conklin Trustee, including those previously asserted in the action James Ludlow, Plaintiff, against Joseph Savino and Michele Savino, Defendants, Supreme Court, Westchester County, Index Number 06150/06 (the "Ludlow Westchester Action")

J. A settlement in principal (the "Conklin Preliminary Settlement Agreement") was negotiated by and between counsel for the Savino Parties and the Conklin Trustee providing for the resolution of all outstanding claims by payment by the Savino Parties in the amount of $95,000.00.

K. Pursuant to the Conklin Preliminary Settlement Agreement the Savino Parties placed the sum of $95,000.00 in escrow with the Conklin Trustee (the "Conklin Trustee Escrow").

L. In the negotiations leading up to the Conklin Informal Settlement Agreement, counsel for the Savino Parties insisted that any settlement preclude claims by Ludlow or his assigns against the Savino Parties such as those previously asserted in the Ludlow Westchester Action.

M. On or about August 28, 2007 James Ludlow, the former President of Conklin, filed a voluntary proceeding under Chapter 7 of the Bankruptcy Code, In re James A. Ludlow, Case No. 07-36328 (CGM) (the "Ludlow Proceeding"). Thereafter, Michael O'Leary was appointed Chapter 7 Trustee in the Ludlow Proceeding (the "Ludlow Trustee").

N. Counsel for the Savino Parties asserted that any rights asserted by Ludlow in the Ludlow Westchester Action were, alternatively, either property of the Conklin Estate, or property of the Ludlow Estate.

O. Both the Ludlow Trustee and the Conklin Trustee asserted that they respectively had the right to pursue the Savino Parties for claims initially stated in the Ludlow Westchester Action.

P. On or about November 26, 2007 the Savino Parties commenced an adversary proceeding encaptioned <u>Joseph Savino, Michele Savino, and South Salem Deli, LLC, Plaintiffs against James A. Ludlow, Defendant</u>, Adv. Proc. 07-9067 (the "Savino Dischargeability Proceeding") seeking, <u>inter alia</u>, to determine that Mr. Ludlow's liabilities to the Savino Parties were non-dischargeable and alternatively to bar his discharge in the Ludlow Proceeding.

Q. Counsel to the Savino Parties thereupon commenced negotiations with the Ludlow Trustee concerning the liability or lack of liability of the Savino Parties for transactions as alleged in the Ludlow Westchester Action.

R. An agreement similar to the Conklin Preliminary Settlement Agreement was negotiated by counsel to the Savino Parties providing for the Savino Parties to pay the Ludlow Trustee the sum of $7,500.00 in resolution of all claims by and between the Savino Parties and the Ludlow Trustee.

S. Counsel to Ludlow and the Savino Parties have agreed, upon approval of settlement agreements by and between the Savino Parties, the Ludlow Trustee and the Conklin Trustee to dismiss the Savino Dischargeability Proceeding with prejudice.

T. All of the foregoing agreements and covenants among the Savino Parties, the Ludlow Trustee and the Conklin Trustee are mutually interdependent and not severable.

**NOW, THEREFORE**, in consideration of the above stated premises, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES as follows:

1. Upon the entry of this Stipulation as an order of the Court, or the entry of orders in all three above-captioned proceedings, and upon said orders becoming final and non-appealable, the Conklin Trustee Escrow shall be released to the Conklin Trustee.

2. Within ten (10) days after the entry of this Stipulation as an order of the Court, or the entry of orders in all three above-captioned proceedings, and upon said orders becoming final and non-appealable, the Savino Parties shall pay the Ludlow Trustee the sum of $7,500.00.

3. This settlement releases all liability, if any, of the Joseph Savino and his wife, their minor children, any corporations, partnerships, LLC's or the like owned or controlled in whole or in part by the Savinos (the "Savino Interests") to Ira D. Conklin, Inc., its affiliates, assigns, all creditors of Ira D. Conklin to the extent that such creditors purport to hold claims against the Savino Interests or any of them pursuant to any state or federal fraudulent conveyance statute, including but not limited to 11 U.S.C. §§544 and 548. This includes but is not limited to any claims that a creditor holds, may hold or believe it holds pursuant to New York Debtor and Creditor Law §§ 271-179 inclusive and similar statutory and case law of other states such as, but not limited to those based on the Uniform Fraudulent Conveyances Act and the Uniform Fraudulent Transfers Act (the

foregoing provisions relating to claims for fraudulent conveyances defined as "Creditor Derivative Claims").

4. The Conklin Trustee stipulates and agrees that pursuant to his contemporaneous settlement with the Ludlow Trustee and James Ludlow and his wife, all claims by the Ludlow Interests, to wit, James Ludlow and his wife, Pamela Ludlow, their minor children, any corporations, partnerships, LLC's or the like owned or controlled in whole or in part by the Ludlows, if any, and any persons acting in concert with the Ludlows or at their direction, against the Savinos and affiliated entities must be waived, barred, and discharged, including but not limited to primary claims such as those asserted in the Ludlow Westchester Action and Creditor Derivative Claims are forever waived, barred, released and terminated.

5. This settlement releases all liability, if any, of the Savino Interests to James Ludlow, his affiliates, assigns, all creditors of James Ludlow to the extent that such creditors purport to hold claims against the Savino Interests or any of them pursuant to any state or federal fraudulent conveyance statute, including but not limited to 11 U.S.C. §§544 and 548. This includes but is not limited to Creditor Derivative Claims.

6. The Ludlow Trustee stipulates and agrees that pursuant to his contemporaneous settlement with the Conklin Trustee, any and all claims in the nature of Creditor Derivative Claims or Shareholder Derivative Claims held by James Ludlow and his wife, all claims by the Ludlow Interests, to wit, James Ludlow and his wife, Pamela Ludlow, their minor children, any corporations, partnerships, LLC's or the like owned or controlled in whole or in part by the Ludlows, if any, and any persons acting in concert with the Ludlows or at their direction, against the Savinos and affiliated entities must be

waived, barred, and discharged, including but not limited to primary claims such as those asserted in the Ludlow Westchester Action and Creditor Derivative Claims are forever waived, barred, released and terminated.

7. Any claims by and among the Savino Parties and the Ludlow Interests, including but not limited to those set forth in the Savino Dischargeability Complaint, are hereby waived, dismissed and incorporated into this settlement agreement with prejudice.

8. This Stipulation and Order is conditioned upon entry of same by the Bankruptcy Court and/or the United States District Court for the Southern District of New York. The Conklin Trustee and the Ludlow Trustee shall take all necessary steps to obtain such approval on a prompt basis.

9. Upon execution of this Stipulation and Order, Ludlow, the Conklin Trustee, the Ludlow Trustee and the Savino Parties agree to immediately execute and deliver to their respective counsel general releases in favor of each other. With the exception of the release running from the Ludlow Trustee to the Savino Parties, respective counsel will deliver the releases to the counsel for the opposing parties.

10. Upon the making of the $7,500 payment due from the Savino Parties to the Ludlow Trustee, the Ludlow Trustee shall deliver the foregoing release(s) to counsel for the Savino Parties.

11. The parties represent that they are authorized, empowered and directed to execute any and all documents necessary to effectuate the terms and intent of this Stipulation.

12. The terms of this Stipulation and Order, and the actions authorized herein, shall be binding upon the parties hereto, their agents, assigns and representative, and shall be

wholly unaffected and remain in full force and effect in the event of the entry of any order or orders (1) converting any of the Debtors' cases to another Chapter of the Bankruptcy Code to a case under Chapter 7 of the Code or (2) dismissing any of said cases.

13. This Stipulation may be executed electronically and/or in faxed counterparts, with equal force and effect as original signatures, and submitted for electronic and/or manual filing with equal force and effect as if a single original document were executed herein.

/s/ Thomas Genova
_____
Thomas Genova, Esq.
Genova & Malin
Chapter 7 Trustee of Ira D. Conklin & Sons, Inc.
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600

/s/ James Ludlow
_____
JAMES LUDLOW

/s/ Joe Savino
_____
JOE SAVINO
Individually and on behalf of SOUTH SALEM DELI, LLC

/s/ Michele Savino
_____
MICHELE SAVINO

/s/ Michael O'Leary
_____
Michael O'Leary
Chapter 7 Trustee of James Ludlow
225 Dolson Avenue, Suite 303
P.O. Box 929
Middletown, New York 10940

Rattet Pasternak & Gordon-Oliver, LLP
Attorneys for Savino Parties
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
    /s/ James B. Glucksman
BY:_____
        James B. Glucksman

Dated: Poughkeepsie, New York
       October 8, 2009

SO ORDERED:

  /s/ Cecelia Morris
_____
U.S. BANKRUPTCY JUDGE

8